**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **STEPHEN PITRE** | * | **CIVIL ACTION 19-13706** |
| **Plaintiff** | * | |
| | * | **NO.** |
| **V.** | * | |
| | * | **JUDGE:** |
| **THE LINCOLN NATIONAL LIFE** | * | |
| **INSURANCE COMPANY** | * | **MAG.:** |
| **Defendant** | * | |

**<u>COMPLAINT</u>**

1. Plaintiff, Stephen Pitre ("Pitre") or ("Plaintiff"), brings this action against Defendant, The Lincoln National Life Insurance Company ("Lincoln") or ("Defendant"), for benefits payable under a long-term disability plan ("Plan") sponsored by his employer, Southern Outdoors & Marine, Inc.

2. Lincoln reviewed claims for benefits under the Plan.

3. This Complaint challenges the Defendant's: 1) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating Pitre's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Pitre's eligibility for said benefits despite his disabling cardiac condition and other disabling conditions; 3) failure to provide Pitre with a full and fair review of his claim, including failure to take into account the fact he was awarded Social Security Disability benefits on the initial application; and 4) failure to provide a reasonable claims procedure that would

yield a decision on the merits of Pitre's claim.

4. Pitre is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify his rights under the terms of the Plan, and to recover costs, attorneys' fees, and pre- and post- suit interest as provided by ERISA.

5. This Court has personal jurisdiction over the Defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the Defendant's breach of its ERISA obligations took place in this district.

6. Pitre is domiciled in Houma, Terrebonne Parish, Louisiana. He has standing to bring this action under 29 U.S.C. § 1132(a).

7. The Defendant has its principle place of business and registered office in Indiana.

8. Pitre is disabled due to severe cardiac symptoms, diabetes, high blood pressure, diabetic neuropathy, orthopedic conditions, and coronary artery disease. Mr. Pitre's treating cardiologist has stated that from a cardiac standpoint alone, Mr. Pitre is permanently disabled.

9. Pitre was paid long-term disability benefits for two years. After two years of benefits, Defendant terminated benefits, arguing the definition of the disability had changed under its policy and Pitre was required to show he could no longer perform any occupation.

10. Lincoln found Pitre could perform sedentary work even though his cardiologist determined he was totally disabled, he cannot sit or stand for consistent periods of time, and the Social Security Administration found him disabled on the initial application for benefits. Lincoln failed to consider Social Security's decision, failed to consider whether Pitre could reasonably be expected to perform stressful sedentary work with his cardiac and orthopedic conditions, and

failed to consider whether Pitre could reasonably be expected to work 40-hour weeks with his health conditions. Lincoln also refused to consider the combined effects of Mr. Pitre's conditions on his ability to do work.

11. Pitre has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503, filing two appeals of the termination of his benefits.

12. Defendant failed to provide Pitre with a full and fair review of his claim for benefits.

13. Any discretion to which Defendant may claim it is entitled under the Plan is negated by its failure to provide the Plaintiff with an explanation as to its adverse action and a full and fair review of his claim for benefits.

14. The Defendant was motivated by its financial conflict of interest when it denied Pitre's benefits.

15. The decision to deny Pitre's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

16. Due to the unlawful denial/termination of benefits under ERISA, Plaintiff has lost his rightful long- term disability benefits.

17. Pitre has also suffered emotional distress and an exacerbation of his physical condition as a result of Defendant's actions.

18. Having exhausted the administrative procedures provided by the Defendant, Pitre now brings this action.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

19. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

20. The Plan is a contract.

21. Pitre has performed all of his obligations under the contract.

22. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

a. by a participant or beneficiary –

i. For the relief provided for in subsection (c) of this section, or

ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

23. The Defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

24. Defendant unlawfully denied Pitre 's benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying Pitre a full and fair review of the decision to deny his benefits.

25. In accordance with 29 U.S.C. §1132, Pitre is entitled to be paid benefits under the Plan based upon his disabled status during his period of disability.

26. The Defendant has refused to provide Pitre with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA

27. As a direct and proximate result of this breach, Pitre has lost the principal and the use of his rightful long-term disability benefits.

**SECOND CAUSE OF ACTION**

(Attorneys' Fees and Costs)

28. Plaintiff realleges each of the paragraphs above as if fully set forth herein;

29. Under the standards applicable to ERISA, Pitre deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of E.R.I.S.A., 29 U.S.C. Section 1132(g).

30. Defendant has the ability to satisfy the award.

31. Defendant acted in bad faith in denying Plaintiff's benefits under the Plan.

32. The award of attorneys' fees against the Defendant will deter the Defendant and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## PRAYER FOR RELIEF

33 WHEREFORE, the Plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

b. Award Plaintiff the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c. Order that the Defendant make restitution to Plaintiff in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit and pre-judgment interest;

d. Award Plaintiff the costs of this action and reasonable attorneys' fees;

e. Declare, adjudge, and decree that Defendant has no right of reimbursement or set-off under the language of the Plan and the facts and circumstances of this case; and

f. Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738
Attorney for Plaintiff Stephen Pitre