# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEPHEN PITRE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NUMBER:** |
| | § | **2:19-CV-13706-CJB-MBN** |
| **THE LINCOLN NATIONAL** | § | |
| **LIFE INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## LINCOLN'S ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW**, Defendant, The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel of record, and hereby answers Plaintiff's Complaint as follows:

1. Lincoln admits Plaintiff seeks benefits under a long-term disability plan (the "Plan") sponsored by Plaintiff's employer. Lincoln denies Plaintiff is entitled to those benefits.

2. Lincoln admits that it administers claims under a policy that funds the Plan (the "Policy").

3. Lincoln admits that Plaintiff seeks disability benefits. Lincoln denies Plaintiff is entitled to those benefits and denies the remaining allegations in paragraph 3.

4. Lincoln admits Plaintiff seeks disability benefits. Lincoln denies Plaintiff is entitled to those benefits.

5. Lincoln admits that jurisdiction is proper in this Court under 28 U.S.C. § 1332.

6. Lincoln admits that jurisdiction is proper in this Court under 28 U.S.C. § 1332. Lincoln is without sufficient information to admit or deny the remaining allegations of paragraph 6 and, therefore, denies them.

7. Lincoln admits the allegations of paragraph 7.

8. Lincoln states Plaintiff's medical records, which include the findings of his treating cardiologist, speak for themselves. Lincoln denies the allegations of paragraph 8 to the extent they contradict or mischaracterize Plaintiff's medical records. Lincoln further denies that Plaintiff is disabled under the terms of the Policy.

9. Lincoln admits it paid Plaintiff disability benefits for two years. Lincoln states that the claim file and terms of the Policy speak for themselves. Lincoln denies the remaining allegations of paragraph 9 to the extent they contradict or mischaracterize the claim file or terms of the Policy.

10. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 10 to the extent they are inconsistent with the claim file.

11. Lincoln denies the allegations of paragraph 11.

12. Lincoln denies the allegations of paragraph 12.

13. Lincoln denies the allegations of paragraph 13.

14. Lincoln denies the allegations of paragraph 14.

15. Lincoln denies the allegations of paragraph 15.

16. Lincoln denies the allegations of paragraph 16.

17. Lincoln denies the allegations of paragraph 17.

18. Lincoln admits Plaintiff seeks disability benefits. Lincoln denies Plaintiff is entitled to those benefits.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

19. Lincoln incorporates by reference all of the foregoing paragraphs of its Answer as if fully set forth herein.

20. Lincoln denies the allegations of paragraph 20.

21. Lincoln denies the allegations of paragraph 21.

22. Lincoln states that the law pertaining to ERISA speaks for itself. Lincoln denies the allegations of paragraph 22 to the extent they are inconsistent with the applicable law.

23. Lincoln denies the allegations of paragraph 23.

24. Lincoln denies the allegations of paragraph 24.

25. Lincoln denies the allegations of paragraph 25.

26. Lincoln denies the allegations of paragraph 26.

27. Lincoln denies the allegations of paragraph 27.

## SECOND CAUSE OF ACTION

(Attorney's Fees and Costs)

28. Lincoln incorporates by reference all of the foregoing paragraphs of its Answer as if fully set forth herein.

29. Lincoln denies the allegations of paragraph 29.

30. Lincoln admits that it would have the ability to satisfy an award of attorney's fees. Lincoln denies that Plaintiff is entitled to attorney's fees.

31. Lincoln denies the allegations of paragraph 31.

32. Lincoln denies it undertook an unfair, limited review of Plaintiff's claim and denies the allegations of paragraph 32.

## PRAYER FOR RELIEF

33. In response to Plaintiff's WHEREFORE paragraph, including subparts a. through f., Lincoln denies that Plaintiff is entitled to any legal or equitable relief of any kind and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff is not entitled to recovery because he does not qualify for benefits under the terms of the Policy.

**THIRD DEFENSE**

The terms and conditions of the Policy speak for themselves, are plain and unambiguous, and must be afforded their proper contractual language interpretation. Plaintiff is bound by the terms and conditions of the Policy.

**FOURTH DEFENSE**

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, exclusions, and offset provisions as provided for in the Policy.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Lincoln has performed its obligations under the Policy.

**SIXTH DEFENSE**

Lincoln did not breach any duty or obligation allegedly owed to Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). Plaintiff would not be entitled to an award of attorney's fees or costs incurred prior to the commencement of this action.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because he failed to satisfy conditions precedent to coverage under the terms of the Policy.

**NINTH DEFENSE**

Plaintiff's claims are barred because he failed to exhaust administrative remedies.

**TENTH DEFENSE**

Lincoln reserves the right to assert additional defenses as litigation progresses in this case. To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

*s/Avery A. Simmons*

Avery A. Simmons (La. 32942)
BRADLEY ARANT BOULT CUMMINGS LLP
Hearst Tower
214 North Tryon Street, Suite 3700
Charlotte, North Carolina 28202
704.338.6000 (phone)
704.332.8858 (facsimile)
asimmons@bradley.com

*Attorney for The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2020, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification to the following:

David C. Pellegrin, Jr.
THE PELLEGRIN FIRM, LLC
3500 North Hullen Street, Suite 17D
Metairie, LA 700002
504.405.3245 (phone)
1.866.651.8738 (facsimile)
dpellegrin@pellegrinfirm.com

*s/Avery A. Simmons*